## KRAFT CHEESE CO. v. LESTON CO., Inc.
### No. 590.

District Court, E. D. Missouri, E. D.
July 11, 1941.

Fordyce, White, Mayne, Williams & Hartman, of St. Louis, Mo., and Soans, Pond & Anderson, of Chicago, Ill., for plaintiff.

Carr, Carr & Gravely, of St. Louis, Mo., for defendant.

COLLET, District Judge.

1. This is a suit brought by Kraft Cheese Company, plaintiff, against Leston Company, Inc., defendant, for unfair competition.

2. (a) Plaintiff is a corporation of Delaware. (b) Defendant is a corporation of Missouri, and is domiciled at 7111 Manchester Avenue, St. Louis, Missouri. (c) The amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

3. For many years and continuously to date, plaintiff, which word as used herein includes the predecessors in the business now owned by plaintiff, has engaged in the manufacture of food products including mayonnaise, salad dressing and sandwich spread, which articles have been distributed and sold by plaintiff throughout the United States, including the state of Missouri for many years last past.

4. In or about the year 1930, plaintiff invested large sums of money in special equipment and facilities for manufacturing mayonnaise, salad dressing and sandwich spread of high quality and, prior to January 24, 1933, plaintiff selected as a name for its salad dressing manufactured by the aid of said special equipment and facilities, the trade-mark "Miracle Whip", which mark plaintiff, since on or about January 24, 1933, has applied continuously to said salad dressing, and which said salad dressing as so marked, continuously since May, 1933, has been shipped by plaintiff to customers and to points of distribution and sale throughout the United States.

5. In order to promote the sale of its salad dressing under the trade-mark "Miracle Whip", plaintiff has expended very large sums of money in extensively advertising and otherwise promoting the sale of said product throughout the United States, and a substantial percentage of said expenditures has been devoted to such promotion within the State of Missouri.

6. As a result of the high quality of the said product and plaintiff's expenditures in promoting the sale thereof, large quantities of said product bearing the name "Miracle Whip" have been manufactured and sold by plaintiff throughout the United States, and a substantial percentage of the same has been so sold in the state of Missouri.

7. Prior to plaintiff's adoption of the trade-mark "Miracle Whip" and subsequent thereto, other manufacturers of mayonnaise and salad dressing have used the word "Whipped" in a descriptive sense for the purpose of indicating that their products were beaten or whipped in the process of manufacture.

8. Prior to the adoption of the mark "Miracle Whip" by plaintiff no other manufacturer or distributor had used the word "Whip" to describe or identify any salad dressing.

9. The composite mark "Miracle Whip" and also the word "Whip" alone have become well known to the consuming public and to the trade as indicating plaintiff's "Miracle Whip" salad dressing, and in ordering plaintiff's "Miracle Whip" salad dressing, members of the consuming public as well as persons in the trade frequently identify plaintiff's "Miracle Whip" salad dressing by the word "Whip" alone.

10. Since the year 1938, defendant has marketed salad dressing under the name "Leston's Salad Whip" in the State of Missouri and elsewhere in the United States.

11. The name "Leston's Salad Whip" was adopted by defendant after defendant had full knowledge of plaintiff's extensive advertising of plaintiff's "Miracle Whip" salad dressing.

■ 12. Plaintiff, having introduced no evidence of loss of sales, has waived an accounting.

Conclusions of Law.

■ 1. Plaintiff is the exclusive owner of the composite mark "Miracle Whip" as applied to salad dressing.

2. Plaintiff is entitled to the exclusive use of the mark "Whip" as applied to salad dressing.

3. Defendant has infringed plaintiff's rights by using the mark "Salad Whip" in connection with the sale of salad dressing.

4. Plaintiff is entitled to an injunction restraining defendant's use of the word "Whip" in connection with the sale of salad dressing.